NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> RICHARD PAUL ZUCKERMAN, ) <br> ) <br> Defendant. ) <br> ) | Crim. No.: 91-108 (JLL) <br><br> **O R D E R** |

For Plaintiff: Eric Moran, AUSA

**LINARES, District Judge.**

This matter comes before the Court on the motion [CM/ECF #17] of Defendant Richard Paul Zuckerman ("Defendant" or "Zuckerman") for an extension of time to file his notice of appeal. The United States of America ("the Government") opposed Defendant's request. No oral argument was held.

Defendant requests that this Court extend his time for filing a notice of appeal until April 29, 2009 in light of his pro se status, his late receipt of this Court's Order and Opinion of January 27, 2009, and his ongoing attempt to procure representation by counsel. (Def. Br. at 1-2.) Zuckerman's supplemental briefing argues the merits of his petition, previously denied by this court, and reiterates his previous requests for pro bono counsel. (Def. Supp. Br. at 1-3.) The Government urges this Court to deny Zuckerman's request, as he has had sixty days in which to file his notice of appeal and his supplementary briefing raises issues that were not before this

1

Court on Zuckerman's original petition. (Gov't Opp. Br. at 1-2.)

A notice of appeal in a civil case to which the Government is a party must be filed within sixty (60) days of the final judgment.[1] Fed. R. App. P. 4(a)(1)(B). This Court may, for excusable neglect or for good cause shown, extend the time for filing a notice of appeal for thirty days. Fed. R. App. P 4(a)(5)(A)(ii). This Court finds, that in light of Zuckerman's pro se status, his timely request, and his continued search for counsel, that he has demonstrated good cause for a thirty-day extension of his right to file a notice of appeal. This Court also finds, however, that after reviewing the calendar, Zuckerman is only entitled to an extension of time running until April 28, 2009, as that is the thirtieth day after the initial sixty days he had to file his timely notice of appeal. Fed. R. App. P. 4(a)(5)(C).

Furthermore, this Court finds that to the extent that Zuckerman has renewed his request for pro bono counsel in his supplemental briefing, that request must be denied. (Def. Supp. Br. at 2-3.) This Court has twice denied Zuckerman's request for court appointment of pro bono counsel, and he places no new, binding authority before this Court calling into question the legal or factual basis for those determinations. (Order of Oct. 16, 2008; Order of Nov. 13, 2008.) This Court, therefore, finds no reason to disturb its prior determinations as to whether Zuckerman should have counsel appointed to him in this matter, and denies his latest request.

**IT IS** on this 31st day of March, 2009,

**ORDERED** that Defendant's motion for an extension to file his notice of appeal

---

[1] Although this case still possesses a criminal docket number, this Court will construe the Federal Rules of Appellate Procedure for civil cases as applying to it, as the relief sought was most closely analogous to the civil relief offered in other collateral attacks on criminal judgments, such as 28 U.S.C. § 2255.

2

[CM/ECF #17] is GRANTED; and it is further

**ORDERED** that Defendant shall file his notice of appeal by April 28, 2009; and it is further

**ORDERED** that Defendant's request for the appointment of pro bono counsel is DENIED.

José L. Linares
United States District Judge

3